ESTATE OF ESTELLE H. LANIER, deceased, Nicholas R. Doman, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Lanier v. Commissioner
Docket No. 10080-77.
United States Tax Court
T.C. Memo 1980-295; 1980 Tax Ct. Memo LEXIS 288; 40 T.C.M. (CCH) 863; T.C.M. (RIA) 80295; August 5, 1980, Filed Peter D. Oram, for the petitioner. Tracy L. Rich and Ellis L. Reemer, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined income tax deficiencies of $2,821.30 for 1971 and $60 for 1972. The issue for decision is whether respondent properly disallowed Estelle Lanier's net losses from the Lanier-Ballich joint venture, a dog kennel operation, because the activity was not engaged in for profit during 1971 and 1972. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Nicholas Doman is the executor of the Estate of Estelle Lanier. Mr. Doman resided in New York, New York when he filed the petition in this case. Mrs. Lanier was born in New *290 York City in 1881 and lived there until 1967. In 1967 she moved to Stevenson, Maryland; she lived there until her death in 1972. Throughout her life, Mrs. Lanier was a lover of wire fox terriers. At various times she kept wire fox terriers in her New York City apartment as pets and had "showings" of these dogs. She was a member of various wire fox terrier associations. Sometime prior to 1969 Mrs. Lanier and Eve Ballich met as a result of their joint love of wire fox terriers. That same year Mrs. Ballich and Mrs. Lanier entered into a joint venture to operate a dog kennel. There was no written partnership agreement. At the time the joint venture was formed, Mrs. Lanier was 86 years old and Mrs. Ballich was approximately 60 years old. In 1967 Mrs. Lanier moved from her New York City apartment to Stevenson, Maryland, where she rented a home from Dr. Nicholas Ballich, Eve Ballich's former husband. This house was within 150 yards of the kennel used in the joint venture. Mrs. Lanier did not work at the kennel and was not active in the management of the joint venture. On the other hand, Mrs. Ballich worked at the kennel normally ten hours a day caring for and training the dogs. *291 Mrs. Ballich alone handled the payment of expenses for the joint venture. She co-mingled the financial affairs of the joint venture with her individual business and personal funds without the knowledge of Mrs. Lanier or any agent of Mrs. Lanier. Between January 1971 and June 1972, Mrs. Lanier made payments to Mrs. Ballich in connection with the joint venture as follows: 1971 Date
Amount
1/12/71
$ 851.00
2/10/71
1,054.50
3/10/71
1,250.50
4/12/71
1,027.50
5/12/71
1,240.50
6/15/71
1,025.25
7/15/71
1,013.50
8/27/71
1,276.00
9/22/71
642.50
10/07/71
1,339.50
11/08/71
1,155.00
12/16/71
1,097.50
1972 Date
Amount
1/10/72
$ 905.00
2/02/72
1,149.00
3/07/72
905.00
4/06/72
1,593.50
5/08/72
1,380.50
6/12/72
1,166.00
$ 7,099.00
The record does not disclose whether she made any additional payments. By written agreement dated July 11, 1972, effective as of June 1, 1972, the joint venture was terminated. The termination agreement read as follows: Agreement made this 11th day of July 1972 between Mrs. Eve Ballich of Stevenson, Md. (hereafter "Ballich") and Mrs. Estelle H. Lanier of Stevenson, Md. (hereafter "Lanier") whereas *292 Ballich and Lanier have been joint venturers in the ownership and operation of a kennel and the dogs therein; and whereas the parties wish to terminate their relationship with regard to any and all matters pertaining to the kennel, the dogs and other items. Therefore it is hereby agreed as follows: 1. Lanier waives all her rights and claims to the dogs as of June 1st, 1972. 2. Lanier will transfer to Ballich all her right, title and interest to the dogs owned by her individually and located at the kennel as well as all her right, title and interest in the dogs jointly owned by them. 3. Lanier will execute such documents as are necessary to carry out the above provisions of their agreement. 4. In consideration for the above, Ballich waives any and all claims she or the joint venture has, may have, or ever had against Lanier for the care and maintenance of Lanier's dogs and the dogs of the joint venture and any claims pertaining to them or on any account. 5. Ballich releases Lanier without condition and without exception from any liability or obligation to her or to any one on account of any liability contracted or permitted by Ballich and promises to hold Lanier *293 harmless from claims of others with regard to any matter pertaining to the kennel, the dogs, or otherwise. 6. Ballich will execute such documents as are necessary to carry out the provisions of this agreement and when requested to do so will execute a general release to Lanier. In witness whereof the parties have executed this agreement on the date set forth above. Partnership income tax returns (Form 1065) were filed for all years until the joint venture was terminated on May 31, 1972. These returns show income and expenses as follows: Gross
Year
Income
Expenses
Loss
1971
$5,078.15
$18,196.03
$13,117.88
1972
2,203.25
13,147.30
10,944.05
Mrs. Lanier was unmarried and had no dependents during the taxable years 1971 and 1972. She was the beneficiary of several trusts which provided her with enough income to sustain her life style without working. Mrs. Lanier had never been involved in any occupation or in the operation of any business. On her income tax returns for 1971 and 1972, Mrs. Lanier reported income apart from the joint venture as follows: 1971
1972
Dividends
$31,483.11
$ 9,315.00
Interest
1,031.94
0
Income from life
interest in two trusts
3,651.61
2,882.00
Total
$36,166.66
$12,197.00
*294 Mrs. Lanier claimed a partnership loss of $6,558.94 in 1971 and $5,472.03 in 1972 from the Lanier-Ballich joint venture. In his notice of deficiency, respondent disallowed the losses claimed for both years. Respondent determined that the losses were not allowable because the joint venture activity was not engaged in for profit. OPINION The sole issue for decision is whether respondent properly disallowed, under section 183, [1] Estelle Lanier's losses from the Lanier-Ballich joint venture, a dog kennel operation, on the basis that the activity was not engaged in for profit during 1971 and 1972. [2]
Section 183(a) provides that if an individual engages in an activity and if that activity is not engaged in for profit, then no deduction attributable to that activity shall be allowed except as otherwise provided under section 183(b). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions *295 are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." The taxpayer's expectation of profit need not be reasonable, but she must establish that she continued her activity with a bona fide intention and good faith expectation of making a profit. Engdahl v. Commissioner,72 T.C. 659, 666 (1979). Section 1.183-2(b), Income Tax Regs., lists some of the relevant factors to be considered in determining whether an activity is engaged in for profit. These factors include: (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or her advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. The issue is one of fact to be resolved on the basis *296 of all the facts and circumstances. Sec. 1.183-2(b), Income Tax Regs.; Engdahl v. Commissioner,supra. Greater weight is to be given to objective facts than to the taxpayer's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Churchman v. Commissioner,68 T.C. 696, 701 (1977). We must first decide whether to apply section 183 at the partner level or at the partnership level. The application of section 183 at the partnership level is indicated by the principle that a partner is viewed as engaged in the business of the partnership. Butler v. Commissioner,36 T.C. 1097, 1106 (1961). Applying section 183 at the partnership level is also indicated by section 702(b) which provides that the character of any item of loss in a partner's distributive share shall be determined as if the item were incurred in the same manner as incurred by the partnership. Accordingly, we will examine the Lanier-Ballich joint venture to see whether it was an activity engaged in for profit. See Ballich v. Commissioner,37 T.C.M. 1851-40, 47 P-H Memo. T.C. par. 78,497 (1978). Petitioner contends that Mrs. Lanier's share of the *297 joint venture's losses are properly deductible on the ground that the kennel operation constituted an activity engaged in for profit and not a hobby. On the other hand, it is respondent's position that the joint venture was not an activity engaged in for profit, and we agree. In Ballich v. Commissioner,supra, this Court ruled that the Ballich-Lanier joint venture was not an activity engaged in for profit. The stipulation of facts in this case discloses facts which are essentially the same as those found in Ballich. Therefore, no extended factual discussion is necessary for purposes of this opinion. We find that there was no good faith expectation of profit for the same reasons set forth at length in Ballich. Accordingly, we hold that the activities of the joint venture were not engaged in for profit in 1971 or 1972 and Mrs. Lanier is not entitled to deduct her share of the losses for those years. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. Certain portions of the testimony were inadmissible hearsay and therefore are not relied on herein.↩