ESTATE OF ESTELLE H. LANIER, deceased, Nicholas R. Doman, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lanier v. Commissioner
Docket No. 10080-77
United States Tax Court
T.C. Memo 1981-421; 1981 Tax Ct. Memo LEXIS 324; 42 T.C.M. (CCH) 627; T.C.M. (RIA) 81421; August 11, 1981. Peter D. Oram, for the petitioner. Tracy L. Rich and Ellis L. Reemer, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This case is presently before us on remand from the Second Circuit Court of Appeals, Lanier v. Commissioner, a memorandum order, reversing and remanding T.C. Memo. 1980-295 (1980). The stipulated facts, as well as facts based on documentary evidence received at trial, were set forth in detail in our prior opinion. Those findings were not disturbed on appeal. We will not, therefore, again set forth any of the facts previously found. In the prior opinion of this Court we held that respondent properly disallowed Estelle Lanier's 1971 and 1972 losses from the Lanier-Ballich joint venture, a dog kennel operation, because the activity was not engaged in for profit. See sec. 183. [1] In that opinion we stated that the determination of whether an activity is engaged in for profit must be made at the partnership level and not at the *326 partner level. In deciding that the Lanier-Ballich joint venture was not an activity engaged in for profit, we did not engage in a detailed analysis but rather we compared the facts in Mrs. Lanier's case to those in Ballich v. Commissioner, T.C. Memo. 1978-497 (1978), a case involving Mrs. Lanier's partner.[2] Based on this comparison, we concluded that The stipulation of facts in this case discloses facts which are essentially the same as those found in Ballich. Therefore, no extended factual discussion is necessary for purposes of this opinion. We find that there was no good faith expectation of profit for the same reasons set forth at length in Ballich. The Court of Appeals agreed that the appropriate level to apply section 183 was at the partnership level. It disagreed, however, with our treatment of the facts contained in the record and our reliance on this Court's prior decision in Ballich *327 . In remanding this case, the Court of Appeals has directed us to analyze the facts as presented by Mrs. Lanier's estate and to determine, based solely on those facts, whether the Lanier-Ballich joint venture was an activity engaged in for profit. We now proceed in accordance with that mandate. The sole issue is whether Estelle Lanier's losses from the Lanier-Ballich joint venture, a dog kennel operation, were from an activity not engaged in for profit during 1971 and 1972. [3]
Section 183(a) provides that if an individual engages in an activity and if that activity is not engaged in for profit, then no deduction attributable to that activity shall be allowed except as otherwise provided *328 under section 183(b). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." The taxpayer's expectation of profit need not be reasonable, but she must establish that she continued her activity with a bona fide intention and good faith expectation of making a profit. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). Section 1.183-2(b), Income Tax Regs., lists some of the relevant factors to be considered in determining whether an activity is engaged in for profit. These factors include: (1) the manner in which the partnership carried on the activity; (2) the expertise of the partners or their advisors; (3) the time and effort expended by the partners in carrying on the activity; (4) the expectation that assets used in activity may appreciate in value; (5) the success of the partnership or the partners in carrying on other similar or dissimilar activities; (6) the partnership's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; *329 (8) the financial status of the partners; and (9) whether elements of personal pleasure or recreation are involved. The issue is one of fact to be resolved on the basis of all the facts and circumstances. Sec. 1.183-2(b), Income Tax Regs.; Engdahl v. Commissioner, supra. Greater weight is to be given to objective facts than to the taxpayer's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Churchman v. Commissioner, 68 T.C. 696, 701 (1977). The emphasis on objective facts is especially applicable in partnership cases due to the possibility that the individual partners may possess differing views and attitudes regarding their joint venture. Considering all the facts and circumstnaces and according proper weight to the factors enumerated above, we find that the Lanier-Ballich joint venture was an activity not engaged in for profit within the purview of section 183. Certain points of particular significance to our determination follow. At the outset we note that the record is completely devoid of evidence describing the dog kennel and the nature and extent of its operations. None of the books and records of the joint venture *330 were introduced into evidence nor did anyone familiar with its operation testify. Under these circumstances it is virtually impossible to evaluate the nature of the partnership activity and determine whether the partnership had a good faith expectation and a bona fide intention of making a profit. The burden of proof is on the taxpayer and, accordingly, any evidentiary shortfalls must be to the detriment of Mrs. Lanier's estate. Rule 142(a), Tax Court Rules of Practice and Procedure.
Mrs. Lanier's estate has failed to demonstrate that the partnership's manner of conducting its activity is consistent with an intent to make a profit. See sec. 1.183-2(b)(1), Income Tax Regs. There is no evidence that the joint venture maintained adequate books and records. Compare Engdahl v. Commissioner, 72 T.C. 659, 666-667 (1979). In fact, Mrs. Ballich's co-mingling of the joint venture's financial affairs with her own indicates that the joint venture did not maintain adequate books and records. See Imbesi v. Commissioner, T.C. Memo. 1964-276 (1964), vacated and remanded as to other issues 361 F. 2d 640 (3d Cir. 1966). Nor is there any evidence *331 that the partnership had any other trappings of a business, e.g ., engaging in advertising. Furthermore, the absence of any written partnership agreement reflects the partnership's informal nature. This informality is also reflected in the July 11, 1972 termination agreement. Nowhere in that agreement does it appear that the joint venture's assets and liabilities were accounted for and divided in accordance with each party's interest. We believe that informality in partnership affairs, such as occurred herein, is more likely to appear in the context of an activity not engaged in for profit. The joint venture reported substantial losses in 1971 and 1972 after having been in existence since 1967. See sec. 1.183-2(b)(6), Income Tax Regs. We recognize that a series of losses during the initial stage of an activity does not necessarily indicate that the activity was not engaged in for profit. Id. In the absence of evidence to the contrary, however, we believe that the losses in issue fall outside of this start-up period. [4] The years in issue represent the fifth and sixth years of operation for the kennel, yet gross income did not even cover one-third of the partnership's *332 out-of-pocket expenses. [5] Furthermore, the situation appeared to have worsened in 1972 when the joint venture finally terminated. [6] The record is devoid of any explanation of these continued losses or when, if ever, they were expected to cease. Compare Engdahl v. Commissioner, supra at 669. Nor is there any evidence that the partnership properties were expected to appreciate and, therefore, warranted the incurrence of continuous losses. See sec. 1.183-2(b)(4), Income Tax Regs.
Both joint venturers received personal pleasure from the kennel. See sec. 1.183-2(b)(9), Income Tax Regs. Mrs. Ballich and *333 Mrs. Lanier loved wire fox terriers. Indeed, it was their common love for these animals that brought them together. We do not believe Mrs. Lanier would have participated in the joint venture but for her love of dogs. After all, she was 86 years old at the time the joint venture was created, had substantial income from several trusts (see sec. 1.183-2(b)(8), Income Tax Regs.) and had never before been involved in any occupation or in the operation of any business. Under these circumstances, we cannot realistically attribute a profit-seeking motive to her participation in the venture. This conclusion is also supported by Mrs. Lanier's lack of involvement in the management of the joint venture. Finally, there is some indication that Mrs. Lanier may have participated in the joint venture so as to provide her own dogs with adequate care and shelter. [7]
In Ballich v. Commissioner, supra, this Court determined that Mrs. Ballich's activities with respect to the kennel were not engaged in for profit. *334 This finding coupled with our conclusion herein that Mrs. Lanier did not engage in this activity for profit further warrants the conclusion that the partnership was not engaged in its activity for profit. We cannot envision a situation wherein all the individual partners enter a partnership for other than profit motives and not have this same characterization apply on the partnership level. Superficially, two factors appear to support the position of Mrs. Lanier's estate. There is no question that Mrs. Lanier and, presumably Mrs. Ballich, qualified as canine experts. See sec. 1.183-2(b)(2), Income Tax Regs. Mrs. Lanier's enduring affection for man's best friend, her active membership in various wire fox terrier associations and her ownership of several pets constitutes more than a passing interest on her behalf. Furthermore, Mrs. Ballich expended considerable time and effort caring for and training the dogs at the kennel. See sec. 1.183-2(b)(3), Income Tax Regs. These two factors, however, may be equally applicable to hobby enthusiasts who are well-versed in a given field. In this case, we do not have any way of knowing whether Mrs. Ballich's devotion to the joint venture displaced *335 other employment opportunities, or whether she viewed the joint venture as a means of support or as a hobby. In any event, we do not believe the above two factors are sufficient to carry the estate's burden of proof. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. Ballich v. Commissioner, T.C. Memo. 1978-497↩ (1978), involved four years of the Lanier-Ballich joint venture (1971-1974).
3. Certain portions of the testimony were inadmissible hearsay and therefore are not relied on herein. We note in passing, however, that even if certain portions of the testimony were not excludible as hearsay the result would not change. The hearsay statements pertain to certain characterizations and statements of intent made by Mrs. Lanier. The facts do not support these statements not are these statements sufficient by themselves to fill the evidentiary void that exists in this case.↩
4. We presume from the failure of Mrs. Lanier's estate to introduce evidence to the contrary that the joint venture experienced continuous losses from its inception. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F. 2d 513↩ (10th Cir. 1947). 5. The partnership reported depreciation of $ 1,356.03 in 1971 and $ 564.30 in 1972. ↩
6. If we extrapolate the five-month loss reflected on the 1972 partnership return for an entire year, the 1972 loss would approximately double that incurred in 1971.↩
7. The July 11, 1972 agreement terminating the joint venture refers to claims by the joint venture against Mrs. Lanier for the care and maintenance of her dogs.↩