ROLF HERBERT RENNER AND SALLY ANN RENNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Renner v. Commissioner
Docket No. 3038-83.
United States Tax Court
T.C. Memo 1984-303; 1984 Tax Ct. Memo LEXIS 369; 48 T.C.M. (CCH) 285; T.C.M. (RIA) 84303; June 14, 1984. Beverly Lewis, for the petitioners. Clement Shugerman, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Fred R. Tansill pursuant to section 7456 [1] and Rules 180 and 181. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency in the amount of $289 in petitioners' 1980 Federal income tax. After concessions, the sole issue remaining for our consideration is whether petitioners are entitled to a deduction of $1,646 under section 280A for the expenses of maintaining an office in their home. This case was filed as a small tax case. Before the commencement *371 of the trial, petitioners filed a motion asking that the case be removed from the small tax case category, which motion was granted. From January through April 1980, petitioners resided in Adelphi, Maryland. From May through December 1980, petitioners resided in Silver Spring, Maryland. Petitioners continued to reside in Silver Spring at the time they filed their petition in this case. During all of 1980, petitioner-husband was employed as a chemist at the Naval Surface Weapons Center in Dahlgren, Virginia. During the first 8 months of 1980, petitioner-wife (Sally) was not employed. During the last 4 months of 1980, Sally taught art, painting, and design at Anne Arundel Community College (the college). She received gross pay of $2,160 from the college, from which Federal and State income taxes and FICA taxes were withheld. Sally had taught art courses at other colleges, principally other community colleges in Maryland, for a number of years prior to 1980. When Sally interviewed for a teaching position, she was required to produce slides of her work, and often a portfolio with examples. The colleges at which she taught expected her to exhibit her work. The college provided *372 Sally with classroom space but did not provide an office or studio. Sally had no faculty duties other than teaching. She was paid only for the course she had contracted to teach, was not covered by life or health insurance, and had no vacation benefits. Sally maintained studios in both of her homes during all of 1980, and she produced artworks in the studios. She also kept her art equipment and supplies, various art books, and a large accumulation of her prints, drawings, and pictures, as well as slides and a projector, in her home studios. Sally received a Master of Fine Arts degree from the George Washington University in Washington, D.C., in 1973. She also received art training at various institutions in the United States and abroad. During the taxable year 1980, she maintained membership in a number of professional art organizations and exhibited her works at at least one art show. Sally received no income from the sale of artworks produced in her home studios during 1980, but she did take slides and photographs of her works for purposes of compiling a portfolio. Petitioners claimed a deduction of $2,118 for expenses related to Sally's use of her home studios on their *373 joint Federal income tax return for 1980. Respondent allowed a deduction for taxes and interest and disallowed the remaining $1,646 claimed. Section 280A(a) generally disallows a deduction with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Section 280A(c)(1)(A) provides an exception to the general rule of disallowance where a portion of the dwelling unit is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer.If the taxpayer is an employee, such exclusive use must be for the convenience of the taxpayer's employer. The primary dispute here is whether the home studios were Sally's principal place of business. In determining a taxpayer's principal place of business, the Court must ascertain the "focal point" of the taxpayer's business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). This Court consistently has held that the focal point of the business activities of a teacher, whether at the college level of the secondary school level, is the classroom rather than the *374 home office. [2] This is true even though the teacher spends more time in the home office than in the classroom [3] and even though the employer provides inadequate office space or no office space. [4] There is nothing in the record in this case that persuades us to depart from this long line of authority. *375 Petitioners argue that Sally's situation is different in that she was required to be a "practicing and exhibiting artist" as a condition to employment as an art teacher. We do not consider her situation distinguishable from that of the college teacher who must "publish or perish" and who uses her home office to perform scholarly research and writing, or the teacher who uses her home office for necessary classroom preparation. In each instance, the focal point of the teacher's business activities is the classroom. We have considered the case of Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), revg. 79 T.C. 605 (1982), in which the principal place of business of musicians employed by the Metropolitan Opera Association was held to be their home practice areas rather than the Met's headquarters at Lincoln Center. The court of appeals characterized the musicians' situation as a "rare situation." We think that Drucker presents a different situation from that of a college teacher. We also have considered petitioners' argument that Sally was a "professional artist" who occasionally taught. The record in this case does not persuade us that Sally *376 was engaged in any trade or business other than teaching. Compare Churchman v. Commissioner,68 T.C. 696 (1977). However, even if we accept petitioners' position, no deduction is allowable. Section 280A(c)(5) limits the allowable deductions to the excess of the gross income derived from use of the home office over the deductions allocable to such use which are otherwise allowable (for example, mortgage interest and taxes). Sally derived no gross income from her activities as a professional artist. The income from her teaching cannot be considered as income derived from the use of her home studios for purposes of computing the section 280A(c)(5) limitation on the deduction for expenses attributable to use of her home studios in connection with her activities as a professional artist. [5]
We hold that petitioners are not entitled to a deduction for expenses attributable to Sally's use of her home studios because those studios were not her principal place of business as a teacher.Our holding on this question makes it unnecessary to decide whether Sally was an independent contractor or employee, *377 an issue to which both parties briefly addressed themselves, or whether Sally's use of the home studios was for the convenience of the college. To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Weissman v. Commissioner,T.C. Memo. 1983-724; Bilenas v. Commissioner,T.C. Memo. 1983-661; Harris v. Commissioner,T.C. Memo. 1983-494; Moskovit v. Commissioner,T.C. Memo. 1982-472, affd.     F.2d     (10th Cir. 1983); Storzer v. Commissioner,T.C. Memo. 1982-328; Strasser v. Commissioner,T.C. Memo. 1981-523; Weightman v. Commissioner,T.C. Memo. 1981-301; Cousino v. Commissioner,T.C. Memo. 1981-19, affd. by order 679 F.2d 604 (6th Cir. 1982); Chauls v. Commissioner,T.C. Memo. 1980-471; Kastin v. Commissioner,T.C. Memo. 1980-341↩. 3. Moskovit v. Commissioner,supra;Storzer v. Commissioner,supra;Strasser v. Commissioner,supra;Weightman v. Commissioner,supra;Chauls v. Commissioner,supra.↩
4. Weissman v. Commissioner,supra;Bilenas v. Commissioner,supra.↩
5. Sessions v. Commissioner,T.C. Memo. 1981-319↩.