JOHN D. BOWLES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowles v. Commissioner
Docket No. 2772-92
United States Tax Court
T.C. Memo 1993-222; 1993 Tax Ct. Memo LEXIS 223; 65 T.C.M. (CCH) 2733; May 20, 1993, Filed *223 Decision will be entered for respondent. John D. Bowles, pro se. For respondent: Russell A. Acree III. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in and an addition to petitioner's Federal income tax in the following amounts: for tax year 1988, a deficiency in the amount of $ 1,141 and an addition to tax under section 6653(a)(1) in the amount of $ 57; for tax year 1989, a deficiency in the amount of $ 1,064. The issue for decision is whether petitioner is entitled to deductions attributable to his art activities. The resolution of this issue depends upon whether petitioner engaged in these activities with an actual and honest objective of making a profit within the meaning of section 183. Some of petitioner's alleged business expenses were deducted as home office deductions on Schedule A of his return. We will analyze the deductibility of these expenses under the provisions *224 of section 280A. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Giddings, Texas, when he filed his petition. Petitioner earned a Bachelor's Degree and a Master's Degree in art from the University of Texas at Austin in 1973 and 1974, respectively. For 3 years, petitioner worked as chief photographer at the School of Architecture at the University of Texas in Austin. Petitioner has worked in various positions as a teacher for 14 years. He also worked as a studio photographer. During the years in question, he worked for the Texas Youth Commission, teaching art to violent juvenile offenders. Petitioner worked 8 hours per day, 12 months of the year at this job, and spent 2 hours per day in commuting. On Schedule A of his 1988 Federal income tax return, petitioner listed home-office expenses in the amount of $ 1,092, representing one-seventh of the expenses of his house. Petitioner used the office for drawing and preparing lesson plans and developed his photographs in the bathroom. He also used the office to store his cameras and equipment. Petitioner exhibited *225 three drawings entitled "Brain Biopsies" at the Hyde Park Gallery in Austin, Texas, in 1989. Petitioner estimates that he spent 2,000 hours on these drawings. Petitioner has, through the years, submitted his work to various publishers and photographers, but has found no one willing to publish his work or accept it in a museum collection. He has had three pictures published in magazines. Petitioner has spent minimal amounts on advertising: for 1988, nothing; for 1989, $ 49. He has tried to be very economical in the amounts he spends on his photography and art. Petitioner plans to publish a book of photographs of mountains, deserts, and water. He traveled to Jasper National Park in British Columbia, Canada, in 1988 to shoot pictures. Previously he made a trip to Utah, and he intends to put his pictures together to express one artistic theme. He previously tried other themes, such as festivals, but was unsuccessful with them. Petitioner deducted $ 5,250 in automobile expenses, as well as hotel, camping, and meal expenses, some of which were documented, attributable to his trip to Canada. On his shooting trips, petitioner tried to live as frugally as possible, often camping *226 or sleeping in his car. For 1989, petitioner deducted on Schedule C $ 6,025 in automobile expenses, representing his expenses of commuting to work, but did not deduct home-office expenses, because he had been told these were not allowable. Petitioner was unclear about whether these might also have been expenses of travel for shooting pictures. Petitioner has deducted expenses of his art on Schedule C of his Federal tax return since 1973, but has never made a profit or broken even. For 1989, petitioner had income of $ 20, and respondent allowed him to deduct expenses in the amount of his income. Petitioner has gone to New York four or five times to promote his photographs at the Museum of Modern Art, but received no encouraging response. He has exhibited his work in several photographic shows. Petitioner has sold two photographs in 20 years. His income and expenses (other than from employment) for the years 1984 through 1989, are as follows: Year
Expenses
Income
1984
$  2,295
$ 55
1985
4,438
12
1986
3,867
0
1987
7,277
0
1988
6,273
0
1989
6,900
20
TOTAL
$ 31,050
$ 87
For tax year 1990, petitioner did not deduct any expenses of his artistic endeavors. *227 Respondent determined that petitioner is not entitled to claim deductions with respect to his drawing or photography because he did not engage in these activities with an actual and honest objective of making a profit. Petitioner argued that his persistence and dedication are proof of his profit objective. Respondent's determination is presumed to be correct. Petitioner bears the burden of proving it erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). While the majority of petitioner's losses were deducted as business expenses on Schedule C, he also claimed deductions in the amount of $ 1,092 for a home office on Schedule A for tax year 1988. These expenses he described as "working on projects for students, honing skills, etc., teacher duties". These expenses, he explained, were one-seventh of the expenses of maintaining his house, including mortgage payments, utilities, etc. Petitioner did not claim deductions for a home office for 1989, as he learned that he was not entitled to them. Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business". *228 No deduction is allowed for personal, living, or family expenses. Sec. 262(a). Section 280A, in general, denies deductions with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Section 280A(c) permits the deduction of expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business" for any trade or business of the taxpayer. Sec. 280A(c)(1)(A). Section 280A(c) further provides that, in the case of an employee, deductions are allowable only if the use of the dwelling is for the convenience of the employer. Since petitioner was an employee, he must satisfy two tests in order to qualify for the home-office deduction. He must establish (1) that his home office was his principal place of business, and (2) that he maintained the office for the convenience of his employer. In deciding this case, we must employ the definition of "principal place of business" set forth in Commissioner v. Soliman, 506 U.S.     (1993). The term "principal place of business" means not merely an important or necessary place of business, but the "most important, consequential, *229 or influential" one. Id.
It is clear that petitioner's home office was not his principal place of business. He worked eight hours per day, year around, at a special school, a "place with special characteristics" for accomplishing its goal and where petitioner meets with and instructs his students. Soliman v. Commissioner, supra. This is precisely the type of business location which the Soliman case indicates is normally the principal place of business. Petitioner's planning of lessons and practicing his drawing were ancillary to the services he performed as a teacher. He has made no showing that he maintained a home office for the convenience of his employer. In fact, petitioner's testimony made it clear that the office was primarily devoted to his personal artistic activities. We hold that petitioner is not entitled to claim deductions for a home office for tax year 1988. In order to claim deductions for expenses of his artistic activity, petitioner must qualify under the so-called hobby loss provisions of section 183. Section 183(a) provides, in pertinent part, that if an activity is not engaged in for profit, no deduction attributable to such activity *230 shall be allowed except as otherwise provided in section 183(b). Section 183(b) separates deductions claimed with respect to an activity not engaged in for profit into two categories, i.e., those which are not dependent upon a profit objective and those which are so dependent. Under section 183(b)(1), the deductions which are not dependent upon a profit objective, such as taxes, are allowable according to their governing sections, but under section 183(b)(2) the deductions which are dependent upon a profit objective are deductible only to the extent that the gross income from the activity exceeds the deductions allowable under section 183(b)(1). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." The test for allowing deductions is whether the taxpayer engaged in the activity generating the expenses with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); *231 Sec. 1.183-2(a), Income Tax Regs. Although the taxpayer's expectation of profit need not be reasonable, there must be a good faith objective of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979). The determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of intent. Dreicer v. Commissioner, supra at 645; Sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors to be used in determining whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the *232 activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. Allen v. Commissioner, supra at 34. No one factor is conclusive. Thus we do not reach our decision by merely counting the factors in section 1.183-2(b), Income Tax Regs., which support each party's position. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979), affd. on another issue 615 F.2d 578 (2d Cir. 1980). On the basis of a consideration of all the factors listed above, we find that petitioner did not carry on his artistic endeavors with the objective of earning a profit. Petitioner's testimony made it clear that he is dedicated to his art and, if possible, would prefer to make a profit. But by objective standards, his persistence in this *233 activity for 20 years, without selling any significant number of works, bespeaks great dedication to art but none to business. Petitioner's losses for only 6 of these years total over $ 31,000. In a genuine business, one would expect losses to be recouped by eventual profits. Bessenyey v. Commissioner, 45 T.C. 261, 275 (1965), affd. 379 F.2d 252 (2d Cir. 1967). Even if petitioner were to succeed in publishing his book, it appears unlikely he could ever recoup his total losses. In applying the factors enumerated in section 1.183-2(b), Income Tax Regs., we find that the only one that operates in petitioner's favor is that he is trained as an artist and has the skills which are prerequisite for a career in art. We are strongly influenced in our conclusions by the fact that petitioner did not carry on his activity in a businesslike manner. His expenditures and efforts at marketing were few and ineffective. Petitioner held a demanding job which left him few free hours, and little vacation, to pursue his artistic interests. His financial security was obtained through his salary. He did not engage in the systematic efforts *234 to sell his works and thereby offset current expenses which are one indication of profit objective in an artist. Churchman v. Commissioner, 68 T.C. 696 (1977); Waitzkin v. Commissioner, T.C. Memo. 1992-216. We cannot answer the question of whether petitioner's assets will appreciate: the expectation that they will is the basis of petitioner's case, but we must make our decision on the basis of the facts before us. However, petitioner's history of losses has been unrelieved for 20 years. He has had no commercial success in artistic activities, and his occasional amounts of income have been minimal. Even if petitioner were successful in publishing his book, there is no reasonable possibility of its covering his accumulated losses. Although "a history of losses is less persuasive [of lack of profit objective] in the art field than it might be in other fields", Churchman v. Commissioner, supra at 701, the almost total absence of sales, in conjunction with a sporadic or casual approach to marketing, have led this court to conclude that the requisite profit objective was lacking. Stephens v. Commissioner, T.C. Memo. 1991-383; *235 Porter v. Commissioner, T.C. Memo. 1969-288, affd. per curiam 437 F.2d 39 (2d Cir. 1970). Petitioner receives pleasure and personal fulfillment through his art. It is clear that petitioner chooses to pursue it, regardless of whether it is financially profitable. A major distinction between a hobby and a business is that a business will be discontinued when it becomes apparent that it will never show a profit. A hobby is an activity that will be carried on, for reasons of personal satisfaction, regardless of whether it shows a profit. Under this definition, petitioner's artistic endeavors are a hobby. We focus specifically now upon petitioner's claimed travel expenses, and other personal expenses which we find he has attempted to deduct as business expenses. It is clear that his expenses of commuting between his home and his school are personal expenses and not deductible under any theory. Sec. 262(a); Sec. 1.262-1(b)(5), Income Tax Regs. Petitioner's testimony at trial was confusing and unclear with respect to these expenses; at one point he appeared to suggest that the deducted expenses might also have been accounted *236 for by his trip to Canada. In no event did he provide the detailed specific documentation which is required under section 274(a) for a taxpayer to deduct travel and entertainment expenses. We agree with respondent that petitioner has attempted to deduct personal expenses, including the expenses of his residence and his vacations, with no real business justification. We uphold respondent's determination disallowing petitioner's claimed deductions for his artistic endeavors. Respondent determined that for tax year 1988 petitioner is liable for an addition to tax in the amount of $ 57 under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Petitioner has the burden of proving that respondent's determination of the addition to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has shown a pattern of deducting personal expenses for a period of *237 many years, with no legal justification therefor. We uphold respondent's determination on this issue. Decision will be entered for respondent.