T.C. Memo. 2001-30

UNITED STATES TAX COURT

RICHARD A. STASEWICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15480-99.          Filed February 12, 2001.

Richard A. Stasewich, pro se.

<u>Naseem J. Khan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and accuracy-related penalties with respect to petitioner's Federal income tax as follows:

|       |            | Penalty, I.R.C. |
| Year  | Deficiency | Sec. 6662(a)    |
|-------|------------|-----------------|
| 1992  | $3,998     | $800.00         |
| 1993  | 2,860      | 572.00          |
| 1994  | 4,852      | 970.00          |
| 1995  | 3,064      | 612.80          |

The issues for decision are whether petitioner's artist activity was not engaged in for profit within the meaning of section 183(c) and whether petitioner is liable for accuracy-related penalties pursuant to section 6662(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Richard A. Stasewich (petitioner) resided in Chicago, Illinois, at the time he filed his petition. Petitioner attended Northern Illinois University between 1971 and 1977, majoring in art and minoring in accounting, but he did not graduate. In 1978, petitioner was registered as a certified public accountant by the University of Illinois, and, in 1983, he was licenced as a public accountant by the State of Illinois. Between 1978 and 1984, petitioner was employed in various positions utilizing his accounting background.

During the years in issue, petitioner operated both his accounting and artist activities out of the same building, where he also resided. Beginning in 1984, petitioner treated his

artist activity as a Schedule C, Profit or Loss From Business,
sole proprietorship for Federal income tax purposes.  Petitioner
reported net profits and losses for his two separate Schedule C
activities as follows:

| Year | Artist Activity | Accounting Activity |
|------|-----------------|---------------------|
| 1984 | ($544) | ($3,272) |
| 1985 | (1,966) | 6,334 |
| 1986 | (617) | 7,201 |
| 1987 | (1,978) | 10,063 |
| 1988 | (7,959) | 9,518 |
| 1989 | (27,638) | 16,824 |
| 1990 | (27,300) | 19,977 |
| 1991 | (26,930) | 26,930 |
| 1992 | (31,774) | 17,385 |
| 1993 | (13,419) | 13,419 |
| 1994 | (18,384) | 20,821 |
| 1995 | (10,922) | 19,951 |
| 1996 | (934) | 26,888 |
| 1997 | (1,586) | 17,737 |
| 1998 | (4,071) | -0- |

For the years in issue, the relevant figures for petitioner's
artist activity were as follows:

| Artist Activity | 1992 | 1993 | 1994 | 1995 |
|-----------------|------|------|------|------|
| Gross receipts | $770 | $320 | $266 | $357 |
| Less deductions | (32,544) | (13,739) | (18,650) | (11,279) |
| Profit (Loss) | (31,774) | (13,419) | (18,384) | (10,922) |

During the years in issue, petitioner did not support himself
with the income that he received from his artist activity, but
instead supported himself with the income that he received from
his accounting practice.

Petitioner provided adequate substantiation for the expenses
that he claimed on his tax returns.  During the years in issue,
he kept a spreadsheet of income and expenses, a cash receipts

journal, and receipts for expenses.  Petitioner had a Certificate of Registration in the State of Illinois that authorized him to engage in the business of selling tangible personal property at retail in Illinois.  For 1992 through 1994, petitioner filed Forms ST-1, Sales and Use Tax Returns, with the Illinois Department of Revenue.  In 1995, petitioner completed Forms W-2, Wage and Tax Statements, for the art students that he employed. Petitioner neither kept records of a budget or financial projections for his artist activity nor kept a record of the costs that he might incur in attempting to develop his artist activity.

Prior to 1992, petitioner decided to create a commercially viable product from his nude drawings.  Petitioner tried fashion illustrations and spent a lot of money on materials and props, but he never secured a large client and never earned anything from it.

On or around 1992, petitioner's artist activities changed from nude drawings and fashion illustrations to portraitures and installation art displays.  At a cost of about $1,200, he placed two advertisements in his local newspaper on December 11 and 18, 1992, to solicit work as a commissioned artist of portraits. Petitioner painted two portraitures between 1992 and 1995 that generated about $850 in revenue.  During 1992 to 1995, petitioner created four displays of installation art (consisting of peppers, dolls, pumpkins, and cucumbers) that were displayed in front of

his residence.  Petitioner's installation exhibit that consisted of dolls received media attention.  The exhibit was the subject of two newspaper articles in September 1994 and was mentioned in a newspaper article in September 1995.  Petitioner's income from the installation displays consisted of donations that totaled $88.04.

OPINION

Petitioner previously litigated the issue of whether his artist activity was engaged in for profit within the meaning of section 183(c) for 1988, 1989, 1990, and 1991.  In Stasewich v. Commissioner, T.C. Memo. 1996-302, the Court held that petitioner's artist activity was not engaged in for profit within the meaning of section 183(c) for 1988 through 1991.  Respondent, in this case, determined that petitioner's artist activity was not entered into for profit under section 183(c) for 1992, 1993, 1994, and 1995.

I.  Activity Not Engaged in for Profit Under Section 183(c)

The threshold issue presented is whether petitioner's artist activity was not engaged in for profit within the meaning of section 183(c).  Section 183, in general, limits the amount of deductions for an activity not entered into for profit to the amount of the activity's income.  See sec. 183(b).

Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under

paragraph (1) or (2) of section 212." Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business. Deductions are allowed under section 212 for expenses paid or incurred in connection with an activity engaged in for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. With respect to either section, however, the taxpayer must demonstrate the requisite profit objective for the activities in order to deduct associated expenses. See Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976); sec. 1.183-2(a), Income Tax Regs.

Whether the required profit objective exists is a question of fact that must be determined on the basis of all of the facts and circumstances of each case. See Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs. While the focus of the test is on the subjective intention of the taxpayer, greater weight is given to the objective facts than to the taxpayer's mere statement of his or her intent. See Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir. 1986), affg. T.C. Memo. 1984-472; Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Churchman v. Commissioner, 68 T.C. 696, 701 (1977); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., sets forth some relevant factors for determining whether an activity is engaged in for profit. No one factor is controlling. See Brannen v. Commissioner, 722 F.2d 695, 704 (11th Cir. 1984), affg. 78 T.C. 471 (1982); Golanty v. Commissioner, supra at 426. The relevant factors include: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income and loss with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation. See sec. 1.183-2(b), Income Tax Regs.

Objective facts showing that a taxpayer carried on his activity in a businesslike manner and maintained complete and accurate books and records may indicate that the activity is engaged in for profit. See sec. 1.183-2(b)(1), Income Tax Regs. Generally speaking, a taxpayer who maintains good records may be genuinely interested in using the records to develop a profitable business. See Stasewich v. Commissioner, supra.

Petitioner contends that he maintained business records that substantiated his income and expenses for his artist activity and

hired art students as his employees. Petitioner kept a spreadsheet of income and expenses; a cash receipts journal; receipts for expenses; Forms ST-1, Sales and Use Tax Returns; Forms W-2, Wage and Tax Statements; and a Certificate of Registration to sell tangible property in Illinois. Although petitioner's artist activity had some of "the trappings of a business", such "trappings" are insufficient to demonstrate that the activity was a business carried on for profit. Golanty v. Commissioner, supra at 430. Petitioner's maintenance of such books and records may represent nothing more than a conscious attention to detail. See id. Petitioner failed to show that the books and records were kept for the purpose of cutting expenses, increasing profits, and evaluating the overall performance of the operation. He did not maintain a budget for the activity or make any sort of financial projections. Petitioner has not persuaded us that he conducted his artist activity in a businesslike manner.

Where losses continue to be sustained beyond the period that customarily is necessary to bring the operation to profitable status, such continued losses, if not explainable, as due to customary business risks or reverses, may be indicative that the activity is not being engaged in for profit. See sec. 1.183-2(b)(6), Income Tax Regs. A taxpayer's failure to implement any operating changes after continued losses may indicate the lack of intent to make a profit. See Brodrick v. Derby, 236 F.2d 35, 38

(10th Cir. 1956); <u>Lewis v. Commissioner</u>, T.C. Memo. 1992-420; <u>Stubblefield v. Commissioner</u>, T.C. Memo. 1988-480.

There is no evidence in the record that petitioner has ever earned a profit from his artist activity. In addition to the losses reported during 1992 through 1995, the years in issue, petitioner also reported losses for every year from 1984 through 1991. Petitioner's two advertisements to solicit work as a commissioned artist of portraits in 1992 cost him about $1,200 and resulted in only two commissioned portraits that generated about $850 in revenue. Petitioner has demonstrated a change in the type of artwork he creates, but he has not presented evidence of a change in his operating methods that would allow him to generate a profit from his artist activities. Petitioner has not reversed his uninterrupted history of losses, and such losses tend to indicate that he was content to sustain those losses for purely personal reasons. See <u>Breckenridge v. Commissioner</u>, T.C. Memo. 1983-66.

The amount of profits in relation to the amount of losses incurred may provide useful criteria in determining the taxpayer's intent. See sec. 1.183-2(b)(7), Income Tax Regs. Petitioner's income from his artist activities consisted of donations and commissions, and such income was insufficient to offset any significant portion of the expenses resulting from petitioner's artist activity. See <u>Golanty v. Commissioner</u>, <u>supra</u> at 431. The gross receipts from petitioner's artist activity

ranged from $266 to $770 annually, during the years in issue, while expenses ranged from $11,279 to $32,544 annually. Based on the evidence, it appears that petitioner never expected to recoup the large losses that he generated from his artist activity.

Substantial income from sources other than the activity may indicate that the activity is not engaged in for profit. See sec. 1.183-2(b)(8), Income Tax Regs. In general, a taxpayer with substantial income unrelated to the activity can more readily afford a hobby. See Stasewich v. Commissioner, supra.

Petitioner had an independent source of income, from his accounting business, and did not rely on his artist activity to support himself. Additionally, for 1991 and 1993 (although 1991 is not in issue) petitioner reported a loss from his artist activity exactly equal to the income from his accounting activity. Such an unlikely coincidence indicates that petitioner may be using his artist activity as a device to eliminate Federal income tax on the income from his accounting business. This pattern weighs against finding a profit objective.

That a taxpayer derives personal pleasure from a particular activity does not necessarily mean that he or she lacks a profit objective with respect to the activity. See Glenn v. Commissioner, T.C. Memo. 1995-399, affd. without published opinion 103 F.3d 129 (6th Cir. 1996); sec. 1.183-2(b)(9), Income Tax Regs. Where, however, there are recreational or other personal elements involved, the personal motives may negate the

profit objective.  See sec. 1.183-2(b)(9), Income Tax Regs.  We

previously stated, with respect to this factor:

> Unquestionably, an enterprise is no less a "business"
> because the entrepreneur gets satisfaction from his
> work; * * * however, where the possibility for profit
> is small (given all the other factors) and the
> possibility for gratification is substantial, it is
> clear that the latter possibility constitutes the
> primary motivation for the activity.  * * *  [Burger v.
> Commissioner, T.C. Memo. 1985-523, affd. 809 F.2d 355
> (7th Cir. 1987); fn. ref. omitted.]

Based on the evidence, we conclude that petitioner did not

have a profit objective when he created his installation art

exhibits in the front of his residence.  Petitioner received only

nominal donations that totaled $88.04 from his installation art

exhibits, and such donations could not have compensated him for

the time or expense involved in creating his artwork.  Petitioner

did not seek to make a profit from his installation art exhibits,

but rather engaged in the artist activity because of the

satisfaction, pride, and prestige that it afforded him.

In the previous case of Stasewich v. Commissioner, supra, we

held that petitioner's artist activity was not entered into for

profit for 1988 through 1991.  Petitioner has not made any

significant changes in the operation of his artist activity,

during the years in issue here, that would create a market or

allow him to benefit from a market for his artwork or allow him

to make up for his substantial losses.  In Stasewich v.

Commissioner, supra, we explained our holding in language equally

applicable here:

The large unabated expenditures, the absence even at this late date of any concrete business plans to reverse the losses, and the manner in which petitioner conducted his artist activity lead to the conclusion that this was not an activity engaged in for profit. Eppler v. Commissioner, 58 T.C. 691, 697 (1972), affd. without published opinion 486 F. 2d 1406(7th Cir 1973).

We sustain respondent's determination that petitioner's artist activity was an activity not engaged in for profit within the meaning of section 183(a).  Accordingly, the losses incurred by petitioner during the years in issue are not deductible.

## II.  Penalties Under Section 6662(a)

Respondent determined that petitioner is liable for accuracy-related penalties under section 6662(a) for 1992 through 1995.  Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of the underpayment attributable to, among other things, negligence.

Petitioner presented neither evidence nor argument on this subject at trial.  In view of petitioner's training and experience, imposition of the accuracy-related penalty is justified for all years in issue.

To reflect the foregoing,

Decision will be entered

for respondent.